In the Matter of the Assignment for the Benefit of Creditors of GEORGE T. CHRISMAN.

Supreme Court, Herkimer County, March 16, 1929.

*Hobart L. Morris* [*Frederick C. Barns* of counsel], for the petitioner.

*Charles D. Thomas*, for the First National Bank of Herkimer.

DOWLING, WILLIAM F., J.   On June 10, 1899, George T. Chrisman executed and caused to be recorded in the Herkimer county clerk's office an assignment by which he authorized Robert E. Steele to take into possession all of his property, real and personal, as his assignee, and to liquidate the same for the benefit of his creditors.   George T. Chrisman, at the time, was a resident of Herkimer county and was the owner of real estate within said county.   On April 25, 1904, the assignee, Robert E. Steele, sold a parcel of real estate belonging to his said assignor for the sum of $400 and deposited the proceeds to his account, as assignee, in the First National Bank of Herkimer, at Herkimer.   About

February, 1904, the said assignee deposited with the said bank $118.32, which was realized, apparently, from the personal assets of said assignor. On April 27, 1904, the account of said assignee with said bank showed a balance of $518.32, since which time the account has remained entirely dormant. The assignee never filed any account of his transactions so far as can be ascertained. The assignee died March 4, 1913. No successor has ever been appointed, nor has any proceeding for the appointment of a successor or for an accounting been instituted by any interested party until the commencement of the instant proceeding.

The assignor, George T. Chrisman, died March 19, 1919. He left him surviving three children, all of full age and sound mind. He left no widow. One of his children, Claude C. Chrisman, on the 30th of June, 1919, was appointed administrator of the estate of said George T. Chrisman in the county of Schenectady, duly qualified and is still acting as such administrator.

Claude C. Chrisman, as such administrator, brings this proceeding to compel the said First National Bank of Herkimer to pay over to him, as administrator of his father's estate, the $518.32 on deposit with it in the name of said assignee, together with interest thereon from April 27, 1904, pursuant to the provisions of section 110 of the Real Property Law.

The respondent bank admits that said assignee, at the times set forth in the petition, deposited with it said $518.32, and that said money has never been paid out or withdrawn by said assignee or by any one else and is still on deposit with it. Said respondent bank denies that it is liable for the payment of interest, claiming that said deposit was on an open account and was made at a time when the said bank had no interest-bearing accounts. Said bank also contends that it has been ready, willing and able, at all times, to pay over said deposit to any person or persons showing themselves entitled to receive the same; that it is not responsible for the delay existing herein. Counsel for said bank contends that section 110 of the Real Property Law does not apply in this proceeding, and that said proceeding is governed by the Debtor and Creditor Law.

This contention is not sound. I think section 110 of the Real Property Law governs the proceeding. That section acts as a Statute of Limitations. The twenty-five years having elapsed since the creation of said trust and there being no direction in the instrument creating the trust to the contrary, the assets belonging to the trust revert to the assignor who created it, or to his heirs at law and next of kin. This court, however, has no jurisdiction to make an order in this proceeding directing the bank to pay the

said deposit over to the petitioner. The assignee having died, the trust is now vested in the Supreme Court. Under those circumstances some person should be substituted as assignee or trustee in said proceeding, merely for the purpose of effecting, under the direction of the court, a distribution of the fund in question.

Petitioner claims that he is entitled to recover interest upon the said fund from April 27, 1904. This question cannot be properly determined in this proceeding. The substituted assignee will, undoubtedly, give that matter careful consideration and take such proceedings as may be advisable in respect thereto.

Edmond A. McCarthy, of Little Falls, is appointed as such trustee on the giving of a bond, the amount of which will be fixed upon the signing of the order. It will be the duty of said trustee to promptly account for the trust estate coming into his hands.

Ordered accordingly.